UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RUDY SIFUENTES          :
                        :
     v.                 :     C.A. No. 13-719ML
                        :
A.T. WALL, et al.       :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Rudy Sifuentes ("Sifuentes" or "Petitioner") filed his Petition for Writ of Habeas Corpus on October 29, 2013. (Document No. 1). On November 26, 2013, Respondent, State of Rhode Island, filed a Motion to Dismiss the Petition as untimely. (Document No. 3). Petitioner Objected to the Motion to Dismiss. (Document No. 5). On January 3, 2014, this matter was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 3) be GRANTED and that the Petition (Document No. 1) be DISMISSED WITH PREJUDICE.

**Background**

Sifuentes was convicted of aggravated battery and first-degree murder by a Rhode Island Superior Court jury on April 3, 1992. (Document No. 3 at 2). He was sentenced to life in prison without the possibility of parole. Id.

Petitioner appealed his conviction to the Rhode Island Supreme Court, contending that the trial justice erred in restricting cross-examination of a prosecution witness for impeachment purposes, and that the trial justice erred in permitting a participant in the murder to be called as a

witness when it was apparent he would refuse to testify.  The Rhode Island Supreme Court rejected both claims and affirmed Petitioner's conviction in its decision on November 4, 1994.  See State v. Sifuentes, 649 A.2d 500, 501 (R.I. 1994).

The present Petition was filed nearly nineteen years after the Rhode Island Supreme Court's decision affirming Sifuentes' conviction.  The grounds set forth in the Petition are: (1) trial counsel was ineffective for not interviewing or calling witnesses on Petitioner's behalf; (2) the trial court failed to inquire if Petitioner wished to testify on his own behalf; (3) the custodial interrogation of Petitioner violated the U.S. Constitution; and (4) trial counsel was ineffective in not raising a diminished capacity defense.  (Document No. 1 at 5-10).  Each of these issues were raised in Plaintiff's state court application for post-conviction relief, the dismissal of which was affirmed by the Rhode Island Supreme Court on May 7, 2012.  See Sifuentes v. State, 43 A.3d 49 (R.I. 2012).

In its Motion to Dismiss, the State argues that the Petition is barred by the statute of limitations contained in 28 U.S.C. § 2244.  (Document No. 3 at 2).  Sifuentes objects, arguing that his Petition is not time-barred because in it, he seeks to have this Court review issues he presented in post-conviction relief proceedings rather than those presented in the direct appeal of his conviction.  (Document No. 5).

**Discussion**

The State has moved pursuant to 28 U.S.C. § 2244, to dismiss the Petition alleging that the one-year statute of limitations applicable to a claim brought under 28 U.S.C. § 2254 expired prior to Petitioner filing this action.  28 U.S.C. § 2244(d)(1) provides "[a] [one]-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  It further provides that the limitation period will begin to run on "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," but it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2).

In analyzing the statute of limitations claim, it is necessary to determine the date on which the statute of limitations began to run with respect to Petitioner's habeas claim, the date on which the limitations period expired and whether there was any tolling of the limitations period in the interim. The State contends, and the Petitioner does not refute, that Petitioner's conviction became "final" on February 3, 1995, upon the expiration of the ninety-day period for seeking certiorari to the United States Supreme Court. The one-year statue of limitations begins to run for prisoners, whose state convictions became final prior to the AEDPA, on the date the AEDPA was enacted, April 24, 1996, and expires on April 24, 1997, absent any equitable tolling under 28 U.S.C. § 2244(d)(2). Carillo v. Rhode Island, 212 F.R.D. 56, 58 (D.R.I. 2002) citing Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir.1999) ("[f]or convictions that became final prior to the enactment of AEDPA, the United States Court of Appeals for the First Circuit has instructed lower courts to apply a one year grace period from the date of enactment of AEDPA."). Because his conviction became final prior to the enactment of AEDPA, the statute of limitations began to run on April 24, 1996.

The next step, therefore, is for the Court to calculate whether Petitioner had any pending actions which served to toll the statute of limitations between April 24, 1996 and April 24, 1997. After a thorough review of the State's submission, the Court concludes that there were no pending actions which tolled the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) during that time period. While the State concedes that Petitioner filed several actions which could have equitably

tolled the limitations period, each of those actions was filed <u>after</u> the one-year period had already expired. See Document No. 3 at 2. Actions that are filed after the one-year limitation period has expired cannot serve to toll the already expired limitations period. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (identifying that the tolling provision of § 2244 (d)(2) does not reset the clock on the limitations period, but merely stops it temporarily, until relevant applications for review are ruled upon); <u>see also</u> 28 U.S.C. § 2244(d)(2). The Petition is time-barred, and I therefore recommend that it be dismissed.

Petitioner's Objection deserves some discussion, however, for two distinct reasons. First, Sifuentes seems to be arguing that his Petition is not time-barred because he seeks review of issues he raised in his post-conviction relief application rather than on his direct appeal. Sifuentes attached to his Petition a copy of the Rhode Island Supreme Court's May 7, 2012 decision affirming the dismissal of his post-conviction relief application. (Document No. 1 at 16-19). He also argues, "[i]t is Post-Conviction issue's [sic] that he is now seeking review for from this court...." (Document No. 5 at 2). Petitioner's claim that he is not seeking review of his conviction, but instead of his post-conviction relief issues is a distinction without a difference, since the AEDPA provides for a one-year limitations period for 28 U.S.C. § 2254 actions based on the date a conviction becomes final, less any time that is equitably tolled. As explained previously, Petitioner's one year expired prior to the filing of his post-conviction relief motions. Accordingly, Petitioner's argument that he is seeking review of issues raised in his post-conviction relief application is irrelevant.

The second aspect of Petitioner's Objection that deserves scrutiny is his claim that "[t]his is the first instance in which the petitioner has sought review by this court, for his conviction of 1st

degree murder, and sentence of life without the possibility of parole." (Document No. 5 at 1). A review of the Court's filings reveals that this is simply false. Petitioner filed a previous 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus regarding the same conviction. See Sifuentes v. Wall, C.A. No. 96-176ML. That Petition was dismissed by the District Court on the merits. (C.A. No. 96-176ML Document Nos. 7, 8 and 9). Although the State did not raise this issue, the dismissal of his previous Petition on the merits renders this Petition a "second or successive" habeas corpus petition and divests this Court of jurisdiction. This alone is a sufficient independent ground for this Court to recommend dismissal of the present action with prejudice.[1]

**Conclusion**

For the foregoing reasons, I recommend that the State of Rhode Island's Motion to Dismiss (Document No. 3) be GRANTED and the Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes

---

[1] The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, without exception, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior [federal] application shall be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added). A second or successive habeas corpus application is one filed after a previous application by the same petitioner has been adjudicated on the merits. Dickinson v. Maine, 101 F.3d 791 (1st Cir. 1996). With respect to a claim not presented in a prior federal habeas corpus application but presented in a subsequent application, AEDPA provides that such "claim must be dismissed unless it falls within one of two narrow exceptions." Tyler v. Cain, 533 U.S. 656, 661 (2001). The first exception is for claims relying on a "new rule of constitutional law" made retroactive by the Supreme Court. 28 U.S.C. § 2244(b)(2)(A). The second is for claims based on newly discovered evidence that call into question the accuracy of the original finding of guilt. 28 U.S.C. § 2244(b)(2)(B). Finally, AEDPA provides that before a "second or successive application" for habeas corpus relief is filed in the District Court, the applicant must obtain an order from the Court of Appeals authorizing the District Court to consider such application. 28 U.S.C. § 2244(b)(3)(A). "This provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless and until the court of appeals has decreed that it may go forward." LeBlanc v. Wall, C.A. No. 05-294ML, 2005 WL 2972991 at *1 (D.R.I. Oct. 19, 2005) (emphasis in original) (citing Pratt v. United States, 129 F.3d 54, 55-57 (1st Cir. 1997)). The Petitioner's four claims raised in this petition were not raised in the earlier petition. These claims do not rely on a new rule of constitutional law, nor are they based on newly discovered evidence.

waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 31, 2014